UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

MED TRUST Handelsges.m.b.H.

   v.                                                      Civil No. 19-cv-220-AJ

Intrinsyk Medical Devices, LLC

**REPORT AND RECOMMENDATION**

     In April 2018, an arbitral tribunal in Vienna, Austria awarded Plaintiff over $110,000, plus interest, costs and attorneys' fees, after finding that the defendant breached a contract between the parties. Plaintiff subsequently filed a petition (Doc. No. 1-5) to recognize and enforce the arbitral award in this court. See 9 U.S.C. § 201 (implementing Convention on the Recognition and Enforcement of Foreign Arbitral Awards of June 10, 1958). The defendant has defaulted. Doc. No. 9. Plaintiff's unopposed motions for default judgment (Doc. No. 11) and attorneys' fees (Doc. Nos. 12 and 13) are before the undersigned magistrate judge for a report and recommendation. For the reasons that follow, the district judge should grant plaintiff's motion for default judgment.

**I. Standard of Review**

     After default is entered and when, as here, the amount at issue is not a sum certain, "the party must apply to the court for a default judgment." Fed. R. Civ. P. 55(b)(2); see also KPS

& Assocs., Inc. v. Designs by FMC, Inc., 318 F.3d 1, 18-19 (1st Cir. 2003).  "Although a defaulting party admits the factual basis of the claims asserted against it, the defaulting party does not admit the legal sufficiency of those claims."  10 James Wm. Moore, Moore's Federal Practice § 55.32[1][b] (3d ed. 2013). Before entering default judgment, the court must determine whether "[t]he claimant [has] state[d] a legally valid claim for relief."  Id.; see also Ramos-Falcon v. Autoridad de Energia Electrica, 301 F.3d 1, 2 (1st Cir. 2002).

## II.  Background

By virtue of their default, defendants have admitted the following facts, as set forth in plaintiff's Petition.  In September 2015, the parties entered into an International Distribution Agreement, (the "Agreement") for defendant Intrinsyk's distribution of plaintiff Med Trust's diabetes management products within the United States and Canada.  The Agreement included an arbitration clause pertaining to "all disputes arising out of" the Agreement.  Any arbitration was to use the Rules of Arbitration and Conciliation of the International Arbitral Centre of the Austrian federal Economic Chamber in Vienna (the "Vienna Rules").

In December 2016, plaintiff's Austrian legal counsel requested, in writing, that the defendants pay outstanding bills

2

$57,660, stemming from an order in April 2016.  The payment request included an annual interest charge of 8.58 percent, covering mid-September through mid-December 2016.  The letter further informed defendant that Austrian legal counsel had been instructed by plaintiff to file a request for arbitration according to Agreement in the event defendant failed to comply.

On January 24, 2017, having received no response to the previous month's latter, plaintiff's counsel filed a request for arbitration in the Vienna International Arbitral Center.  The plaintiff sought an award of $110,160.  Counsel for the defendant timely responded to plaintiff's claim.

The arbitration proceedings took place in January 2018.  Both parties were represented by counsel. Each party had the opportunity to question every witness.  The arbitrator issued a final award in plaintiff's favor in April 2018.  The arbitrator found that the parties' actions formed a contract and that the defendant failed to pay for goods delivered by the plaintiff and accepted by defendant; and, that Defendant failed to perform its obligations under the Agreement.  The arbitration award obligated the defendant to pay plaintiff $110,160.  The award consisted of two parts: 1) $57,660 for the defendant's failure to pay for goods delivered as of November 12, 2016; and 2) $52,500 for the defendant's failure to satisfy certain contractual obligations after January 13, 2017.  Plaintiff was

also awarded $20,426.77 in costs and fees associated with the arbitration proceeding.[1] Despite two written requests from plaintiff's counsel, the defendant has not paid any part of the arbitration award.

Plaintiff filed the instant action to enforce the arbitration award in March 2019. (Doc. No. 1). Although defendant was served, see Doc. Nos. 6-8, defendant did not answer or otherwise appear. The Clerk of Court entered default against the defendant on April 25, 2019. See Fed. R. Civ. P. 55(a); LR 55.1

### III. Discussion

A. The Arbitration Award

An arbitration provision in an international commercial contract such as the Agreement signed by the parties in this matter is governed by Chapter Two of the Federal Arbitration Act ("FAA"), 9 U.S.C. §§ 201–208, which implemented the United Nations Convention on the Recognition and Enforcement of Foreign Arbitral Awards ("the Convention"), ratified by the United States, September 30, 1970, 21 U.S.T. 2517, T.I.A.S. No. 6997 (reprinted following 9 U.S.C. § 201). DiMercurio v. Sphere

---

[1] The costs and fees award was slightly more than 18,237 Euros. The plaintiff supplied the conversion to U.S. Dollars as of May 5, 2019, shortly before it filed the instant motion. Pl's. Mot. (Doc. No. 11) ¶ 5, n.1.

4

Drake Ins., PLC, 202 F.3d 71, 74 (1st Cir. 2000). The Convention is an international agreement designed "to encourage the recognition and enforcement of commercial arbitration agreements in international contracts and to unify the standards by which agreements to arbitrate are observed and arbitral awards are enforced." Scherk v. Alberto-Culver Co., 417 U.S. 506, 520 n. 15 (1974). "A district court's duty to enforce arbitration clauses that so qualify cannot seriously be questioned." InterGen v. Grina, 344 F.3d 134, 141 (1st Cir. 2003) (citing 9 U.S.C. § 201 (directing that the Convention "shall be enforced in United States courts")).

A proceeding to confirm an arbitration award "is intended to be summary." Popular Sec., Inc. v. Colon, 59 F. Supp. 3d 316, 318 (D.P.R. 2014) (citing Taylor v. Nelson, 788 F.2d 220, 225 (4th Cir. 1986)). "[R]eview of the arbitration award itself is 'extremely narrow and exceedingly deferential.'" Bangor Gas Co., LLC v. H.Q. Energy Servs. (U.S.), Inc., 695 F.3d 181, 186 (1st Cir. 2012) (quoting Bull HN Info. Sys., Inc. v. Hutson, 229 F.3d 321, 330 (1st Cir. 2000)). "The confirmation of an arbitration award finalizes the award and makes the award a judgment of the court." Bacardi Int'l Ltd. v. Suarez & Co., Inc., 719 F.3d 1, 13 (1st Cir. 2013). "The court shall confirm the award unless it finds one of the grounds for refusal or deferral of recognition or enforcement of the award specified in

the said Convention." 9 U.S.C. § 207.[2] Given the admissions inherent in defendant's default, the court finds that there are no grounds to refuse confirmation of the arbitration award.

---

[2] "Article V [of the Convention] provides that:

> 1. Recognition and enforcement of the award may be refused, at the request of the party against whom it is invoked, only if that party furnishes to the competent authority where the recognition and enforcement is sought, proof that:
>
> (a) The parties to the agreement referred to in article II were, under the law applicable to them, under some incapacity, or the said agreement is not valid under the law to which the parties have subjected it or, failing any indication thereon, under the law of the country where the award was made; or
>
> (b) The party against whom the award is invoked was not given proper notice of the appointment of the arbitrator or of the arbitration proceedings or was otherwise unable to present his case; or
>
> (c) The award deals with a difference not contemplated by or not falling within the terms of the submission to arbitration, or it contains decisions on *308 matters beyond the scope of the submission to arbitration, provided that, if the decisions on matters submitted to arbitration can be separated from those not so submitted, that part of the award which contains decisions on matters submitted to arbitration may be recognized and enforced; or
>
> (d) The composition of the arbitral authority or the arbitral procedure was not in accordance with the agreement of the parties, or, failing such agreement, was not in accordance with the law of the country where the arbitration took place; or
>
> (e) The award has not yet become binding on the parties, or has been set aside or suspended by a competent authority of the country in which, or under the law of which, that award was made.

B.  Damages

Plaintiff seeks to recover the arbitral award of $110,160, plus interest, which totaled $22,665.37 through May 5.  See Award (Doc. No. 1-1) at 47.  Plaintiff also seeks to recover its awarded costs of the arbitration, which total $20,426.77.  The district judge should award plaintiff these amounts, plus any interest that has accrued since May 5, 2019.

C. Costs and Attorneys' Fees For This Action

Article XIV of the Agreement provides that the prevailing party in an action to enforce any terms of the Agreement shall recover its costs and reasonable attorneys' fees.  Agreement (Doc. 1-2) at 13.  Plaintiff requested $15,405.22 in costs and fees.  Motion (Doc. No. 11) at 3.  On June 2, 2019, the court ordered plaintiff to file documentary support for its request for costs and fees, which the plaintiff did on June 19, 2019

---

> 2. Recognition and enforcement of an arbitral award may also be refused if the competent authority in the country where recognition and enforcement is sought finds that:
>
> (a) The subject matter of the difference is not capable of settlement by arbitration under the law of that country; or
>
> (b) The recognition or enforcement of the award would be contrary to the public policy of that country."

Admart AG v. Stephen & Mary Birch Found., Inc., 457 F.3d 302, 307-08 (3d Cir. 2006).

7

(Doc. No 12).  Plaintiff reiterates the $15,405.22 amount at page 1 of its supplement, but at page 3 and in its final prayer for relief seeks nearly 50 percent more than that figure -- $23,058.28.  There is no explanation for the increase or the discrepancy.

A re-examination of the attorneys' affidavits sheds little light on the matter.  In connection with the $15,405.22 request in plaintiff's motion for default judgment, Attorney Schumann – plaintiff's out-of-state counsel, stated in his affidavit that "the plaintiff has incurred attorneys' fees and costs of **USD $15,405.22** . . . ." Affidavit (Doc. No. 11-1) at 4 (emphasis in original).  As that figure lacked documentary support, on June 4, 2019, the court ordered supplementation.  In his affidavit in support of plaintiff's supplement, Attorney Schumann stated that his firm expended a total of $12,496.33. In a second affidavit submitted in response to the June 4 Order, plaintiff's New Hampshire counsel, Jeffrey A. Rabinowitz, rather than accounting for the difference between Attorney Schumann's two figures -- $15,405.22 and $12,496.33 -- stated that his firm had compiled $10,161.95 in fees and costs.  Most recently, Attorney Rabinowitz submitted a supplemental affidavit (Doc. No. 13) in which he seeks an additional $2,071 in fees and costs for responding to the court's June 4 Order.

8

"The party seeking the [fee] award has the burden of producing materials that support the request." Hutchinson ex rel. Julien v. Patrick, 636 F.3d 1, 13 (1st Cir. 2011) (citing Hensley v. Eckerhart, 461 U.S. 424, 433 (1983)). In the absence of any attempt to explain the billing discrepancies, the court recommends that the district judge award plaintiff its original request for attorneys' fees and costs, $15,405.22.[3] See DirectTV v. Trawick, 359 F. Supp. 2d 1204, 1209 (M.D. Ala. 2005) (declining to award attorney fees in amount greater than that sought in the default application); DirectTV v. Meinecke, No. 03Civ.3731JGKGWG, 2004 WL 1535578, at *4 (S.D.N.Y. July 9, 2004) (same).

## IV. Conclusion

For the reasons set forth herein, the district judge should grant plaintiff's motion for default judgment (Doc. No. 11) as follows:

1) the plaintiff shall recover from the defendant $110,160.00, the amount it was awarded in arbitration;

---

[3] The court also notes that, even with a cursory review, there appears to be some conflict between the two attorneys' bills. For example, both appear to have included the filing fee for the petition that commenced this action. See Doc. No. 12-3 at 11; Doc. No. 12-3 at 3.

9

2) the plaintiff shall recover interest, through May 5, 2019, in the amount of $22,665.37

3) the plaintiff shall recover interest from May 5, 2019, until the judgment is paid, at a rate of $13.55 per diem with respect to the $57,660 portion of the arbitral award, and $12.34 per diem with respect to the $52,500 portion of the award;

4) the plaintiff shall recover $20,926.77 in costs related to the arbitration proceedings;

5) the plaintiff shall recover $15,405.22 in costs and attorneys' fees related to this action.

Any objections to this Report and Recommendation must be filed within fourteen days of receipt of this notice.  See Fed. R. Civ. P. 72(b)(2).  The fourteen-day period may be extended upon motion.  Failure to file objections within the specified time waives the right to appeal the district court's order.  See Santos-Santos v. Torres-Centeno, 842 F.3d 163, 168 (1st Cir. 2016).

_/s/ Andrea K. Johnstone_
Andrea K. Johnstone
United States Magistrate Judge

September 13, 2019

cc: counsel of record